IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM SAYE, M.D.,

    Plaintiff,

      v.

UNUMPROVIDENT
CORPORATION, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:06-CV-1487-TWT

## ORDER

This is an action for declaratory judgment and breach of contract. It is before the Court on Defendants UnumProvident Corporation ("Unum") and Provident Life and Accident Insurance Company's ("Provident Life") Motion to Drop Defendant Howard T. Antle as Party Defendant [Doc. 2], Defendant Howard T. Antle's Motion to Dismiss [Doc. 7], and the Plaintiff William Saye's Motion to Remand [Doc. 9]. For the reasons set forth below, Defendant Unum and Provident Life's Motion is GRANTED, Defendant Antle's Motion is GRANTED, and the Plaintiff's Motion to Remand is DENIED.

## I. <u>BACKGROUND</u>

Dr. William Saye practiced medicine in the field of obstetrics and gynecology. Part of his medical practice involved performing laparoscopic surgery. In 1984, 1986 and 1989 during his time as a practicing physician, Dr. Saye bought three disability insurance policies from Defendant Provident Life. He purchased the polices through Defendant Howard Antle, a Georgia resident and licensed insurance agent in the state of Georgia.[1]

The Plaintiff contends that Defendant Antle told him at the time he purchased these policies that he would be covered for the rest of his life if he was not able to fully perform surgery. The terms of these policies, however, clearly stated that he would only be covered for life in the event he was totally disabled by injury prior to the age of 65 or by sickness prior to the age of 55. The policies stipulated that, thereafter, his maximum benefits would be limited based on his age and the nature of his disability. In November 2001, the Plaintiff's treating physician diagnosed him with "Dupuytren's Contracture," a condition that causes a patient's fingers to draw in towards his palm. Based on this diagnosis, the Plaintiff's doctor determined that he was disabled from his occupation. In January 2002, at the age of 62, the Plaintiff

_____

[1]Provident Life and its parent company, Defendant Unum, are both residents of Tennessee.

submitted a claim for total disability based on this condition.  On December 5, 2002, Unum approved his claim, but determined that his disability was due to sickness rather than injury, thus precluding him from recovering any benefits beyond the age of 65. The Plaintiff appealed that decision, contending that his disability qualified as an injury under these policies.  All his appeals to Unum were denied.

On May 19, 2006, the Plaintiff filed this case in the Superior Court of Fulton County, Georgia, asserting six causes of action against Unum, Provident Life and Antle.  Included among the six counts were claims for Declaratory Relief, Breach of Contract, Bad Faith, Fraud and Misrepresentation, Stubborn Litigiousness, and Punitive Damages.  The Defendants removed the case to this Court, and the Plaintiff now moves that the case be remanded back to the Georgia state court.  He contends that this Court lacks jurisdiction because Antle is a non-diverse defendant and because the Defendants have failed to demonstrate that his claims meet the requisite amount in controversy under 28 U.S.C. § 1332.  The Defendants contend that Antle has been fraudulently joined and move for him to be dismissed from the case.

## II. LEGAL STANDARDS

Removal statutes are to be interpreted narrowly, with any doubts construed against removal jurisdiction.  See Williams v. AFC Enter., Inc., 389 F.3d 1185, 1189 (11th Cir. 2004); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

The removing party, moreover, bears the burden of demonstrating federal jurisdiction. Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005); Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).  Here, the Defendants argue that remand is inappropriate because Antle has been fraudulently joined in the proceedings.  "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity."  Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).  Fraudulent joinder can be proven, *inter alia*, by demonstrating that there is no possibility a plaintiff can establish a cause of action against the resident defendant.  To carry this burden, a defendant must show that, after drawing all reasonable inferences from the record in favor of the plaintiff, no reasonable basis exists that state law might impose liability based on the facts involved.  Crowe v. Coleman, 113 F.3d 1536, 1542 (11th Cir. 1997).  Put differently, this motion for remand should be denied only if the Defendants show by clear and convincing evidence that there is no possibility the Plaintiff can establish a cause of action against Antle.  See Henderson v. Washington Nat. Ins. Co., 454 F.3d 1278, 1283 (11th Cir. 2006).

Conversely, the Defendants have filed motions to dismiss or to drop Antle from the proceedings.  A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for

relief.  Fed. R. Civ. P. 12(b)(6); see Conley v. Gibson, 355 U.S. 41, 47 (1957); Linder v. Portocarrero, 963 F.2d 332 (11th Cir. 1992).  In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.  See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983).  If the Court finds that there is no possibility that the Plaintiff can establish a claim against Defendant Antle, the Defendants' motions to dismiss or drop Antle from the proceedings must be granted.

### III. DISCUSSION

A. Possibility of Success on a Claim

The Plaintiff asserts two claims against Antle that he contends warrant the remand of this case.  First, in his Complaint, he alleges Fraud and Misrepresentation by Defendant Antle in his statements to the Plaintiff regarding lifetime benefits.  Second, through an affidavit, the Plaintiff attempts to make a claim against Antle for failure to procure insurance.  The Court will address each of these claims in turn.

1. Fraudulent/Negligent Misrepresentations

The Plaintiff has alleged two fraudulent or negligent misrepresentations by Defendant Antle.  In this diversity action, Georgia law applies to a claim of fraud. "In Georgia, the common law tort of fraud requires five elements: (1) a false

representation by the defendant; (2) with scienter, or knowledge of the falsity; (3) with

intent to deceive the plaintiff or to induce the plaintiff into acting or refraining from

acting; (4) on which the plaintiff justifiably relied; (5) with the proximate cause of

damages to the plaintiff."  Seckinger-Lee Co. v. Allstate Ins. Co., 32 F. Supp. 2d

1348, 1353 (N.D. Ga. 1998) (citing Williams v. Dresser Indus., Inc., 120 F.3d 1163

(11th Cir. 1997)).   A showing of negligent misrepresentation involves the same

elements except that it requires a demonstration only of negligence as to the falsity,

rather than knowledge.  See Hattaway v. Conner, 2006 WL 2255830, at *1 (Ga. App.

2006).

Here, the Plaintiff first alleges that Antle told him, "[w]ith this insurance you

are buying you will be covered for the rest of your life if you are not able to fully

perform surgery."  (Saye Aff., ¶ 6.)[2]  A misrepresentation of the law is ordinarily not

actionable.  A misrepresentation is one of law rather than fact where "the truth of the

representations would depend upon the legal effect of the policy provisions."

Seckinger-Lee Co., 32 F. Supp. 2d at 1353 (quoting Marett Props., Inc. v. Prudential

---

[2]Because the Complaint includes a claim for Fraud and Misrepresentation, the Court will consider the Plaintiff's affidavit concerning these claims.  See Pacheco de Perez, 139 F.3d at 1380 ("The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties.") (citing Crowe v. Coleman, 113 F.3d at 1538).

Ins. Co. of America, 167 Ga. App. 631, 634 (1983)).  In Seckinger-Lee Co., the plaintiff alleged fraud based on an insurance company's failure to pay a claim for a stolen vehicle in the amount promised by the insurance agent at the time the plaintiff purchased the policy.  The Court found that "[u]nder Georgia law, statements as to the nature of insurance coverage are opinions of law and cannot support an action for fraud."  Id.  Similarly here, the Plaintiff's fraud claim is based on Antle's allegedly erroneous advice given at the time the Plaintiff purchased his disability insurance policy.  The statement is thus one of law and cannot sustain a claim for fraud.

The Plaintiff next contends that Antle made representations to him "regarding the professionalism, good faith, courtesy and care with which [the Defendants] would handle any disability claims..."  (Saye Aff., ¶ 7.)  Mere statements of opinion, however, cannot constitute the basis for a fraud claim.  Anderson v. Atlanta Committee for Olympic Games, Inc., 261 Ga. App. 895, 900 (2003), aff'd, 278 Ga. 116 (2004).  The plaintiffs in Anderson brought actions for wrongful death and personal injury against the Atlanta Committee for the Olympic Games ("ACOG") arising out of the bombing of Atlanta's Centennial Park during the 1996 Olympics. The plaintiffs argued that ACOG was liable for fraud and negligent misrepresentation for claiming that Atlanta would be "the safest place on the planet."  The Georgia Court of Appeals disagreed however, reasoning that:

> Misrepresentations are not actionable unless the complaining party was justified in relying thereon in the exercise of common prudence and diligence. And when the representation consists of general commendations or mere expressions of opinion, hope, expectation and the like, the party to whom it is made is not justified in relying upon it and assuming it to be true; he is bound to make inquiry and examination for himself so as to ascertain the truth.

Id. at 900.  Here, the Plaintiff attempts to base a claim for fraud on the opinions expressed by Antle regarding the manner in which the insurer would handle his claim. Such statements were merely expressions of opinion and cannot sustain a tort claim. The Plaintiff's misrepresentation claims against Antle thus present no possibility for success on the merits and warrant dismissal.  Even if the statements were actionable, the claim is barred by the statute of limitations.  The alleged misrepresentations occurred at the latest almost twenty years ago.  There is no possibility of the Plaintiff succeeding on this claim.

### 2. Failure to Procure Insurance

In his affidavit and in his brief in response to the Defendant's Motion to Dismiss, the Plaintiff argues that he has a claim against Antle for failure to procure insurance.  This claim is not asserted in his Complaint, nor has he made a motion to amend his pleadings to include this claim.  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" such that would "give the defendant fair notice of what the plaintiff's

claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Conversely, however, the complaint needs to at least "set forth enough information to outline the elements of a claim or to permit inferences to be drawn that these elements exist." Benoit v. Ocwen Financial Corp., Inc., 960 F. Supp. 287, 289 (S.D. Fla. 1997) (aff'd, 162 F.3d 1177 (11th Cir. 1998)). The Complaint provides no indication that the Plaintiff is alleging a claim for failure to procure insurance. The Plaintiff correctly points out that the Court may consider affidavits and deposition transcripts submitted by the parties to supplement the pleadings on a motion to remand. See Pacheco de Perez, 139 F.3d at 1380. However, a party cannot in the guise of supplementing the complaint add an entirely new claim through a later-filed affidavit. The Court will not consider this new claim.

   B. Jurisdictional Amount

   The Plaintiff contends that this case should be remanded because the Defendants have not proven that the amount in controversy exceeds the requisite amount for removal. Pursuant to 28 U.S.C. § 1332, the matter in controversy must exceed $75,000 exclusive of interest and costs. In order to remove a case, a defendant must prove by a preponderance of the evidence that the amount in controversy exceeds this jurisdictional requirement. Williams v. Best Buy Co., Inc., 269 F.3d

1316, 1319 (11th Cir. 2001).  Where the jurisdictional amount is not apparent from the facts of the complaint, the Court "should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed."  Id.  Here, the Complaint clearly alleges that the Plaintiff is entitled to $16,100 per month, plus cost of living adjustment.  (Compl., ¶ 42.)  In their response to the Plaintiff's Motion to Remand, the Defendants cite to the Mortality tables listed in the Georgia Code.  See O.C.G.A. § 25-1-1.  Pursuant to these tables, the lowest estimation for the life expectancy of a 65 year old individual is 11.10 years.  The Plaintiff does not dispute the legitimacy of this estimation.  Accordingly, if the Plaintiff is successful in his claim for declaratory relief alone, his estimated recovery would amount to well over two million dollars.  Indeed, at the time he filed his complaint in state court on May 19, 2006, he was already one year and eleven months past his 65th birthday, ensuring an expected recovery already in excess of the jurisdictional requirement.  The Court thus concludes that it is clearly more likely than not that the amount in controversy exceeds $75,000.

## IV. CONCLUSION

For the reasons set forth above, Defendants Unum and Provident Life's Motion to Drop Howard T. Antle as Party Defendant [Doc. 2] is GRANTED, Defendant

Howard T. Antle's Motion to Dismiss [Doc. 7] is GRANTED, and the Plaintiff

William Saye's Motion to Remand [Doc. 9] is DENIED.

SO ORDERED, this 2 day of October, 2006.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge